IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRUCE ALLEN MYERS,

    Plaintiff,

v.                                                    CASE NO. 1:10-cv-00254-MP-GRJ

UNITED STATES,

    Defendant.

_____/

## O R D E R

Plaintiff, an inmate proceeding pro se, has filed a letter which raises issues that the Court construes as conditions of confinement complaints that should be brought in a complaint filed under 42 U.S.C. §1983. (Doc. 1). The letter is not on a proper complaint form and is not accompanied by a motion for leave to proceed *in forma pauperis,* inmate consent form, or account information.

Local court rules provide that no "civil action commenced by *pro se* litigants under 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, or 1346, shall be considered by the court unless the appropriate forms have been properly completed and filed by the litigant." N.D. Fla. Loc. R. 5.1(J)(2). Plaintiff must, therefore, submit an "amended complaint," clearly designated as such, on court forms which will be provided to him by the Clerk of Court.

The Court has, however, reviewed the letter initiating this lawsuit and advises Plaintiff that he must provide more specific information when he completes the form sent to him. For example, he does not provide any names of persons responsible for his alleged mistreatment, no dates of when the events occurred, nor does he identify

the place where these events took place.  All of this information must be provided if the Court is to take any action on the Plaintiff's claims.

Further, section 1915, as amended by the "Prison Litigation Reform Act of 1995 (hereinafter "PLRA"), requires the court to assess an initial partial filing fee on all inmates who are permitted to proceed *in forma pauperis*.  Under the PLRA, all prisoners will eventually pay the district court's entire $350 filing fee when bringing a civil action, or filing an appeal, *in forma pauperis*.  If a prisoner's account statement shows that he or she cannot pay even the required initial partial fee, the civil action may nevertheless proceed; however, the total $350 fee will be assessed and deducted from future deposits to Plaintiff's prison account until the total filing fee is paid.  Fees are not refundable, regardless of dismissal of the action. [The obligation to pay the full amount of the filing fee continues even if Plaintiff is released from prison.]  Even after the initial partial fee is paid, the PLRA requires this court to dismiss the case at any time if it determines that the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Furthermore, § 1915(g) prohibits a prisoner from filing any further suit or appeal without full prepayment of the filing fee if the prisoner has had three actions or appeals dismissed on one of the previously mentioned grounds set out in Section 1915(e)(2).

The Court must assess an initial partial filing fee based on the average monthly deposits in Plaintiff's prison bank account in accordance with 28 U.S.C. § 1915(b)(1). Thus, Plaintiff must submit a computer printout for his inmate bank account for the six (6) month period immediately preceding the filing of the complaint; i.e., the period from

**May 1, 2010 to November 30, 2010.** Plaintiff must obtain account statements from the appropriate official of each prison at which he or she is, or has been, confined for the six (6) month period prior to the filing of this complaint. If Plaintiff was not incarcerated during any portion of this time period, he or she must specifically advise the court.

Accordingly, it is **ORDERED:**

1. The clerk shall forward to Plaintiff a form complaint, an application for leave to proceed *in forma pauperis*, and an inmate consent form.

2. Plaintiff shall have until **January 18, 2011**, to complete and return these papers with either: (1) a computer printout of the transactions in his prison account as directed in this order along with a completed application to proceed *in forma pauperis*, or (2) the full $350.00 filing fee, or (3) a notice of voluntary dismissal of this case pursuant to Fed. R. Civ. P. 41(a).

4. Failure to respond to this order as instructed will result in a recommendation of dismissal of this action for failure to prosecute and failure to comply with an order of this court.

**DONE AND ORDERED** this 28th day of December, 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge